IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>JAMES F. PARKS,<br><br>                Defendant. | 4:14CR3017<br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

      The defendant has moved to suppress any and all evidence seized during the execution of a warrant issued by the County Court of Box Butte County, Nebraska. ([Filing No. 17](#)). The defendant argues the warrant application provided insufficient information to support a finding of probable cause to search the defendant's laptop computer and thumb drives, the officers who searched the devices exceeded the scope authorized by the warrant, and the information obtained during the search must therefore be suppressed. For the reasons discussed below, the motion to suppress should be denied.

FACTUAL FINDINGS

      The relevant facts, as set forth in the warrant application and warrant filed of record, ([Filing No. 19, at CM/ECF pp. 3-11](#)), are as follows:

      On June 18, 2013, Sergeant Monty Lovelace of the Nebraska State Patrol met with Dan Griess, Chief Executive Officer for Box Butte County General Hospital. Greiss reported that while investigating a malware virus on the hospital's computer system, the hospital's IT staff traced a virus to a computer operated by the defendant. Greiss reported that upon investigating the internet history on defendant's work computer, the hospital discovered that Parks visited the imgsrc.ru website and appeared to have accessed child

pornography from that site. Greiss provided the officer with a copy of the internet history from Defendant's work computer. The listed history included the following file names:

1. Simona (14yo) FULL, PASS FOR NUDES on mkd19.iMGSRC.RU, 15282_537597702934663_671364780_@ iMGSRC.RU

2. Dream Girlies- Amaya 8yo on romanman-LiMGSRC.RU, 82017 (28).jpg@ iMGSRC.RU

3. Brenna (l0yo) on girls@home.iMGSRC.RU, 1.jpg@ iMGSRC.RU

4. My sexy little webcam teaser (11yo) on sooper.iMGSRC.RU, and vlcsnap-2013-04-21-13h10m42s54.p@iMGSRC.RU.

Sergeant Lovelace contacted Parks at the hospital on June 19, 2013. In response to the officer's questions, Parks acknowledged he had infrequently seen images of child pornography while using the work computer. Parks was asked to access his iMGSRC.RU account. Parks complied, using his password, "Horsecock8." As Parks navigated his account, the officer noticed Parks' profile image was a teenage girl in a pink T-shirt, and the account included pictures of child 12 to 18 years of age engaging in a variety of activities and wearing tight-fitting clothing and underwear, with some images focusing on the clothed breasts, buttocks, and vaginal areas of the children.

Within the children's section of the defendant's account, some images were password protected. Parks explained that those images could not be accessed without obtaining email permission from the user. Upon review of the internet history, Sergeant Lovelace noted at least one occasion when the defendant used his horsecock8@gmail.com email account to contact another imgsrc.ru user. When the officer stated the work computer would be seized, Parks provided his account password. When asked about personally owned computer storage devices, the defendant stated he had thumb drives in his desk drawer. The defendant consented to the officer seizing not

only the thumb drives, but defendant's personal laptop, which was located on an adjacent counter.

After outlining the foregoing information in his warrant affidavit, the officer requested a warrant to search the storage devices for evidence that the defendant was engaged in collecting, distributing, or manufacturing child pornography.

After reviewing the application, a Box Butte County judge concluded there was probable cause to believe the following content was located on the defendant's thumb drives and personal laptop:

- images or video or deleted images or video of visual depictions of sexually explicit conduct or erotic nudity, which has a child as one of its participants or portrayed observers, generally referred to as and known as child pornography;

- content that would tend to show ownership over the storage devices;

- content of saved conversations between Parks and other users that would show the intent to possess, manufacture or distribute images of child pornography; and

- content related to the exploitation of children.

The judge issued a warrant and ordered the officer to seize "the before described content." (Filing No. 19, at CM/ECF p. 11).

ANALYSIS

A.   Probable Cause.

A search warrant is valid under the Fourth Amendment if it is supported by probable cause. U.S. v. Stevens, 530 F.3d 714, 718 (8th Cir. 2008). When determining

whether probable cause exists to support a search warrant, the court must consider the totality of the information presented.  U.S. v. Seidel, 677 F.3d 334, 337 (8th Cir. 2012).

> A warrant is supported by probable cause if there is a fair probability that contraband or evidence of a crime will be found in the place to be searched. . . . We assess probable cause from the viewpoint of a reasonably prudent police officer acting in the circumstances of the particular case. . . . Probable cause is a practical, factual, and nontechnical concept, dealing with probabilities. . . .The determination of whether or not probable cause exists to issue a search warrant is to be based upon a common-sense reading of the entire affidavit.

Id. (internal citations and quotation marks omitted).  "After a judge has issued a search warrant upon a finding of probable cause, 'that finding deserves great deference.'" U.S. v. Proell, 485 F.3d 427, 430 (8th Cir. 2007)(quoting Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998)).

Viewed in the totality, the evidence presented in the warrant application supported a finding of probable cause to search the defendant's thumb drives and laptop.  The internet history from Parks' work computer revealed website names indicative of child pornography.  The defendant acknowledged infrequently seeing such images while using his work computer, and the internet history from that computer indicated Parks may have sent email requests to obtain password-protected images.  Parks' profile image indicated he was posing as a teenage girl, and the account included sexually provocative images of clothed children.  Parks identified his personally owned thumb drives and laptop located in his work office and near the work computer.  The affiant officer, and the issuing judge, had ample reason to find a "fair probability" that Parks' personal computer devices would reveal evidence of crimes against children, including images of child pornography.

Even assuming probable cause was lacking, "a police officer cannot be expected to question a judge's probable cause determination.  United States v. Leon, 468 U.S. 897 (1984).   Under the Leon good-faith exception, evidence seized pursuant to a search

4

warrant issued by a judge will not be suppressed "if the executing officer's reliance upon the warrant was objectively reasonable." Proell, 485 F.3d at 430.

There is no showing that Sergeant Lovelace provided false information or concealed material information from the issuing judge, and there is no basis for finding the issuing judge failed to act in a neutral and detached manner. The officer's reliance on the warrant issued by the Box Butte County Judge was reasonable. The defendant is not entitled to suppress the information found on his personal thumb drives and laptop based on a lack of probable cause in the warrant application.

  B. <u>Scope of the Warrant</u>.

The defendant claims the warrant authorized the officers to seize his thumb drives and laptop, but "nothing within the warrant allowed for the examination of the electronic data held within" these computer devices. (Filing No. 18, at CM/ECF p. 4). He therefore claims the officers exceeded the scope of the warrant issued.

Parks allowed the officers to take the thumb drives and personal laptop, and he provided his account password, indicating he consented to both an external and internal search. More importantly, the warrant ordered the officers to serve the warrant and from Parks' thumb drives and laptop, seize "the before described content." The "before described content" was a listing that included any images of child pornography, any information indicating child exploitation, and any content revealing the ownership, source, distribution, and manufacture of child pornography. Although the defendant argues the warrant did not specifically state the officers were permitted to search within the computer and devices, the contents of these devices could not be seized as ordered by the issuing judge without first conducting an internal search.

Warrant applications and warrants are interpreted using common sense. U.S. v. Cartier, 543 F.3d 442 (8th Cir. 2008). Applying a practical meaning of its terms, the warrant authorized the officers to both search and seize contents within the defendant's thumb drives and personal laptop. Parks' hypertechnical arguments to the contrary lack merit.

The court finds that a hearing is not necessary on the defendant's motion to suppress. For all the foregoing reasons,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by the defendant (Filing No. 17) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before Richard G. Kopf, Senior United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on **August 11, 2014**, or as soon thereafter as the case may be called, for a duration of four (4) trial days. Jury selection will be held at the commencement of trial.

June 16, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge